## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**VICTOR WARREN,**

        Plaintiff,

vs.                                        **Civ. No. 01-1184 LCS/KBM-ACE**

**NEW MEXICO CORRECTIONS
DEPARTMENT, et al.**

        Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendant Correctional Medical Services' Motion for Summary Judgment filed August 16, 2002 *(Doc. 37)*, Defendants' Motion for Summary Judgment No. 1 - Failure to Exhaust Administrative Remedies Under Prison Litigation Reform Act filed August 19, 2002 *(Doc. 40)*, and Defendants' Motion for Summary Judgment No. II - Eleventh Amendment and Failure to Provide Timely Notice of Claims Under New Mexico Tort Claims Act filed August 21, 2002 *(Doc. 42)*. The parties have each consented to having the United States Magistrate Judge to conduct all further proceedings in this case pursuant to 28 U.S.C. § 636 (c). The Court has considered the motions, the memoranda, the responses, the replies, and the applicable law, and finds that because Plaintiff has failed to exhaust his administrative remedies, Count IV and Count V of Plaintiff's Second Amended Complaint should be **DISMISSED WITHOUT PREJUDICE**; the Court further declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and **REMANDS** the remaining claims to State court.

## I.   FACTUAL BACKGROUND

Defendant New Mexico Corrections Department (hereinafter, "NMCD") is an administrative body of the State of New Mexico that provides for the care, custody, and control of persons who have been adjudicated guilty of a crime and have been committed to its custody by the Judicial Branch of the State of New Mexico.  Second Amended Compl. ¶ 1; Answer ¶ 1. Defendant Wackenhut Corrections Corporation (hereinafter, "Wackenhut") is a foreign corporation authorized to do business within the State of New Mexico which operated the Lea County Correctional Center ("Lea County prison") under a contract with the NMCD.  Second Amended Compl. ¶ 2.  Defendant Correctional Medical Systems, Inc. (hereinafter, "CMS") is a foreign corporation authorized to transact business in the State of New Mexico.  Second Amended Compl. at ¶ 3; Answer ¶ 3.  CMS provides health-care services for persons committed to the custody of NMCD, who are incarcerated at the Lea County prison. Second Amended Compl. at ¶ 3 Defendant Douglas C. Zischkau, M.D. is a medical doctor who contracted with CMS to provides medical services to persons incarcerated with the Central New Mexico Correctional Center.  *Id.* at ¶ 4.

Plaintiff alleges that while he was in the legal care, custody and control of NMCD,  lodged in the Lea County prison, employees of NMCD and Wackenhut struck him in his left eye with a can of mace on April 6, 1999.  Second Amended Compl. ¶ 6.  Plaintiff further alleges that Wackenhut refused to give Plaintiff access to medical care for his left eye on April 6, 1999.  *Id.* at ¶ 11.  Plaintiff alleges that CMS and Dr. Zischkau examined him on numerous occasions prior to July 30, 1999 and failed to diagnose Plaintiff's left eye as having a torn and detached retina.  *Id.* at ¶ 13.  Plaintiff alleges that the delay in diagnosis by CMS and Dr. Zischkau prevented treatment of

2

the torn retina within a timely fashion, which Plaintiff further alleges would have prevented

permanent injuries to Plaintiff's eye. *Id*. at ¶ 14.  Plaintiff alleges that the Defendants acted

maliciously and/or sadistically with the intent to harm Plaintiff, violating Plaintiff's rights under

the Eighth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article II,

Section 13 of the New Mexico Constitution. *Id*. at ¶ 16.  Plaintiff finally alleges that the

Defendants acted with deliberate indifference to Plaintiff's serious medical needs, thereby

violating Plaintiff's rights under the Eighth Amendment to the United States Constitution, 42

U.S.C. § 1983, and Article II, Section 13 of the New Mexico Constitution.  Amended Compl. ¶

19.

   At all relevant times, Plaintiff was confined at the Lea County prison.  Second Amended

Compl. ¶¶ 5-6; Def. Memo. No. 1.  At all relevant times, Defendants NMCD and Wackenhut had

in effect policies and procedures governing inmate grievances.  Def. Memo. No. 1, Ex. B, C.

Plaintiff was aware of the grievance procedures. Def. Memo. No. 1, Ex. D, Deposition of Victor

Warren  dated August 28, 2001, at p. 143, 144, and 145 (hereinafter, "Pl. Depo.").  Plaintiff did

not file any grievances regarding the conditions of his confinement, about the alleged incident of

April 6, 1999, nor about his medical care while confined at the Lea County Prison.  Pl. Depo. at

145, 146, 164.   Plaintiff made no verbal complaints about the alleged incident of April 6, 1999,

nor about his medical care to anyone.  Pl. Depo. at 145, 164.

   Plaintiff filed suit on February 22, 2001, in the Second Judicial District, County of

Bernalillo, in Case No.  CV-2001-01320.  *See* Notice of Removal *(Doc. 1)*.  At the time that

Plaintiff filed his Complaint, he was confined at the San Juan County Detention Center.  Def.

Memo. No. 1, Ex. A.  *(Doc. 41)*.  Plaintiff filed an Amended Complaint on March 15, 2001 and a

Second Amended Complaint in Case No. CV-2001-01320 on October 5, 2001, which added his Eighth Amendment and 42 U.S.C. § 1983 claims. *See* Notice of Removal *(Doc. 1)*. Plaintiff's original complaint raised only state tort claims. Pl. Memo. in Opp. to Def. Motion for Summary Judgment No. 1 (hereinafter, "Pl. Memo. No. 1") *(Doc. 47)*. Neither Plaintiff's Amended Complaint nor his Second Amended Complaint alleged that he exhausted administrative remedies prior to filing suit. Def. Memo. No. 1. Defendants filed a Notice of Removal on October 12, 2001, whereupon this case was removed to the United States District Court for the District of New Mexico. *Id*.

Defendants have moved this Court for summary judgment, alleging that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (a) (herinafter, "PLRA"), and further alleging that Plaintiff failed to provide Defendants notice as required by the New Mexico Tort Claims Act.[1]

## II.    SUMMARY JUDGMENT STANDARD

A motion for summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Denver Post Corp.*, 203 F.3d 748, 751 (10th Cir. 2000); Fed. R. Civ. P. 56(c). The Court examines the record and makes all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp*. 221 F.3d 1160, 1164 (10th Cir. 2000). Summary judgment is proper "[w]here the record, taken as a whole, could not lead a

---

[1]    Defendant NMCD has withdrawn that portion of it Motion for Summary Judgment No. II asserting entitlement to summary judgment on the basis of Eleventh Amendment immunity. Def. Reply to Pl. Response in Opposition to Motion for Summary Judgment No. II at 1-2.

rational trier of fact to find for the non-moving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing FED. RULE CIV. P. 56(e)). In addition, where the non-moving party will bear the burden of proof at trial on a dispositive issue, "that party 'must go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Entry of summary judgment is mandated 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . .the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. FED. RULE CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(internal citations omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Id*.

at 588 (internal citations omitted).

### III.    ANALYSIS

**A.    Whether Plaintiff has failed to exhaust his administrative remedies as required by the PLRA.**

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The Supreme Court recently noted in *Booth  v. Churner* that "Congress has provided in § 1997e (a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth  v. Churner*, 532 U.S. 731, 741 (2001). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741). Moreover, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

Plaintiff does not dispute that both Defendants NMCD and Wackenhut had grievance policies and procedures in place, nor does he dispute that he was aware of the grievance procedures, and that he failed to file any grievances related to the alleged incident of April 6, 1999, his medical care, or the conditions of his confinement. Pl. Memo. No. 1 at 1.

Plaintiff claims, however, that the PLRA is not applicable to his lawsuit. Pl. Memo. No. 1 at 3. Plaintiff notes that he filed his lawsuit in state district court, and that Defendants removed this case to federal court. *Id*. Plaintiff claims that under these circumstances, the PLRA is

inapplicable. *Id*.

      Plaintiff's relies upon *Mitchell v. Brown & Williamson Tobacco Corp*, 294. F.3d 1309 (11th Cir. 2002) to support his claim that the PLRA does not apply to this case.  In *Mitchell,* the Eleventh Circuit considered whether dismissal of the state tort law claims of a federal inmate, originally brought against tobacco companies in state court, for failure to comply with the 42 U.S.C. § 1997e (e)[2], a provision of the PLRA, was proper.  *Mitchell*, 294 F.3d at 1312.  The Eleventh Circuit concluded that "§ 1997e (e) does not apply to state-law claims unrelated to prison conditions filed by prisoners in state court, and removed to federal court solely on the basis of diversity jurisdiction."  *Id*.  In the instant case, Plaintiff alleges that he sustained injuries while incarcerated.   The Supreme Court  has found that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter*, 534 U.S. at 532. Plaintiff's allegations clearly deal with prison life and the conditions of confinement as defined by the United States Supreme Court in *Porter.  Id*.  In addition, Plaintiff's allegations as set forth in his Second Amended Complaint include claims based upon federal law.  Pl. Memo. No. 1 at 2.  Unlike the plaintiff in *Mitchell*, the Defendants' removal in the instant case was not based solely upon diversity jurisdiction; rather, removal was based upon the federal law claims in Plaintiff's Second Amended Complaint. *See* Notice of Removal at ¶¶ 1 and 3.  The Eleventh Circuit's reasoning in *Mitchell*, dealing with state-law claims unrelated to prison conditions which are before a federal court solely on the basis of diversity jurisdiction, is thus inapposite and

---

      [2]     This provision of the PLRA requires that a plaintiff sufficiently allege a physical injury. *See generally,* 42 U.S.C. § 1997e (e).

inapplicable.  *Mitchell*, 294 F.3d at 1312.

Plaintiff's claims clearly deal with the conditions of confinement. *Porter*, 534 U.S. at 532. While Plaintiff's original complaint did not assert claims based upon federal law, Plaintiff set forth such claims in his Second Amended Complaint.  *See* Notice of Removal at ¶¶ 1 and 3.  Removal was based on federal question jurisdiction.  *Id*.  Plaintiff's claims, based on the conditions of his confinement, which include claims based upon federal law, and which are before a federal court, are therefore subject to the exhaustion requirement of the PLRA.  *Porter*, 534 U.S. at 532.

Plaintiff does not dispute that both Defendants NMCD and Wackenhut had grievance policies and procedures in place, that he was aware of the grievance procedures, and that he failed to file any grievances related to the alleged incident of April 6, 1999, his medical care, or the conditions of his confinement.  Pl. Memo. No. 1 at 1.  Thus, there is no genuine issue of material fact as to these issues   Viewing the facts in the light most favorable to Plaintiff, it is apparent that there is no genuine issue of material fact that Plaintiff has failed to exhaust administrative remedies as required by the PLRA.

**B.     Whether Plaintiff's claims should be dismissed with prejudice.**

The PLRA provides that a court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under . . . 42 U.S.C. 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. §1997e (c)(1).  Defendants argue that Plaintiff's claims should be dismissed with prejudice stating that "exhaustion under the PLRA is a jurisdictional prerequisite to suit on claims

like Plaintiff's pertaining to 'conditions of confinement.'  Accordingly, those claims, filed in

violation of the PLRA, were void *ab initio* in that the Court did not have jurisdiction over them in

the first place, and will not have jurisdiction unless and until Plaintiff exhausts available

administrative remedies and then files suit."  Def. Memo. No. 1 at 8.  A majority of circuits which

have considered the question have found that the exhaustion requirements of the PLRA are not

jurisdictional.  As the D.C. Circuit noted, "the PLRA's exhaustion requirement simply 'governs

the timing of the action' and does not contain the  type of  'sweeping and direct'  language that

would indicate a jurisdictional bar rather than a 'mere codification [ ] of administrative exhaustion

requirements.'"  *Abdus-Shahid M.S. Ali v. District of Columbia,* 278 F.3d 1, 5-6 (citing *Chelette*

*v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (1975)). *See also Casanova v. Dubois*, 289 F.3d

142, 147 (1st Cir. 2002); *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001) ("The

42 U.S.C. § 1997e exhaustion requirement is not jurisdictional."); *Massey v. Helman,* 196 F.3d

727, 732 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065 (2001); *Rumbles v. Hill*, 182 F.3d

1064,1067 (9th Cir. 1999), *cert. denied,* 528 U.S. 1074 (2000); *Nyhuis v. Reno* 204 F.3d 65, 69

n. 4 (3d Cir. 2000); *Curry v. Scott*, 249 F.3d 493, 501 n. 2 (6th Cir. 2001)(noting that while "we

have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also

concluded that the obligation to exhaust administrative remedies before resort to federal court is a

mandatory one").   The Tenth Circuit has reached a similar result in an unpublished opinion.  *See*

*Basham v. Uphoff*, 1998 U.S. App. LEXIS 30999, 1998 WL 847689, at *3 (10th Cir. Dec. 8,

1998).  Although the Tenth Circuit has not so found in a published decision, the weight of law

indicates that the exhaustion requirement of the PLRA is not jurisdictional.  Plaintiff's claims are,

therefore, not necessarily void *ab initio*, and the Court is not required to dismiss with prejudice on

that basis.

Nevertheless, while the exhaustion requirement of the PLRA may not be jurisdictional, the requirement is mandatory.  *Porter*, 534 U.S. at 532; *Booth*, 532 U.S. at 741.  Where a plaintiff has failed to exhaust as required by the PLRA, the plaintiff's complaint may be dismissed by the Court.  *See* 42 U.S.C. §1997e (c)(1); *Jernigan v. Stuchell*, 304 F.3d 1030,1031 (10th Cir. 2002)(affirming dismissal of a § 1983 claim wherein the plaintiff had failed to exhaust administrative remedies); *Yousef v. Reno*, 254 F.3d 1214, 1222 (10th Cir. 2001).  Generally, dismissal without prejudice is the appropriate remedy for failure to exhaust under the PLRA.  *See, e.g., Jernigan*, 304 F.3d at 1031 (affirming dismissal without prejudice); *Wyatt v. Terhune*, 305 F.3d 1033, 1045 (9th Cir. 2002)("if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice"); *Morales v. Mackalm*, 278 F.3d 126, 131 (2nd Cir. 2002)(noting that dismissal should be without prejudice because "failure to exhaust administrative remedies precludes only the current lawsuit."); *Jackson v. District of Columbia*, 254 F.3d 262, 001 U.S. App. LEXIS 15420, *22 (D.C. Cir. July 10, 2001) (where "prisoners failed to exhaust their administrative remedies, the district court should have dismissed the complaint without prejudice").

Defendants argue that this Court should dismiss Plaintiff's claims with prejudice because all applicable statutes of limitations have passed.  Def. Memo. No. 1 at 8.   The applicable statute of limitations for 42 U.S.C. § 1983 claims is three years.  *Porter v. Nussle*, 534 U.S. 516, 521 (2002).  The parties make additional arguments regarding applicable limitations periods for Plaintiff's state-law claims.  Def. Memo. No. 1 at 7-8. If all applicable limitations periods have indeed passed in the instant case, any dismissal without prejudice may actually operate as a

10

dismissal with prejudice.  *See Clifford v. Gibbs,* 298 F.3d 328, ___, 2002 U.S. App. LEXIS

13903 *11 (5th Cir. July 10, 2002)(wherein the Fifth Circuit noted that the district court's

dismissal of the plaintiff's claims without prejudice operated as a dismissal with prejudice because

the limitations period had already run, but entertained a request by plaintiff for equitable tolling).

Nevertheless, dismissal without prejudice is the appropriate remedy for failure to exhaust pursuant

to the PLRA.  *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002)(dismissal without prejudice

proper although plaintiff is no longer a prisoner, and will not be able to exhaust after dismissal).

Defendants have provided this Court with no controlling authority indicating that dismissal with

prejudice is either necessary nor appropriate in this case.  Moreover, any dispute concerning the

effect of any applicable statute of limitations is not before the Court.  As such, I will not adopt the

remedy proposed by Defendants.

**C.** **Whether the Court lacks jurisdiction over NMCD under the Eleventh Amendment, requiring that this case be remanded to the state court.**

Plaintiff suggests that the Court adopt a different remedy, asking that the Court remand

this matter to state court.  Pl. Memo. No. 1 at 4.  Plaintiff argues that if the Court finds that the

PLRA exhaustion requirement applies to his action, the proper remedy would be remand, claiming

that this Court lacks subject matter jurisdiction over NMCD under the Eleventh Amendment.  *Id*.

Plaintiff argues that because this Court lacks subject matter jurisdiction over NMCD, the state

court provides the appropriate forum for resolving Plaintiff's claims.  Pl. Memo. No. 1 at 4.[3]

---

[3]     Although Defendants initially argued immunity under the Eleventh Amendment
(S*ee* Def. Memo. No. 2 at 3-4), Defendants have withdrawn their assertion of entitlement to
summary judgment on Eleventh Amendment grounds.  Def. Reply to Pl. Response in Opposition
to Motion for Summary Judgment No. II at 1-2.  As Defendants have correctly noted, given
NMCD's "joint participation with all of its co-defendants in the proper removal of this action
from state to federal court on October 12, 2001, NMCD has consented to this Court's exercise of

Although Plaintiff argues that this Court lacks subject matter jurisdiction over NMCD based on Eleventh Amendment immunity, and Defendants argue that this court lacks jurisdiction because of failure to exhaust, the parties disagree as to the appropriate remedy. As noted above, Defendants seek dismissal of Plaintiff's claims with prejudice, a remedy which this Court finds inappropriate for the reasons set forth previously. Plaintiff seeks remand of the action to state court.

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 1642 (citing U.S. Const. Amend. 11 and *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Supreme Court has interpreted the Eleventh Amendment as a bar to suits in federal courts against an unconsenting state brought by the states's own citizens. *Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002)(citing *Edelman v. Jordan,*, 415 U.S. 651, 662-63 (1974)). The Supreme Court noted, however, that "[a] state remains free to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides*, 122 S. Ct. at 143 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). In *Lapides*, the Supreme Court found that where a state voluntarily invoked the jurisdiction of the federal court through removal, that state had waived its Eleventh Amendment immunity. *Lapides*, 122 S. Ct. at 1646.

The Supreme Court in *Lapides* addressed a case involving only state-law issues. *Id*. The Tenth Circuit has applied the rule announced in *Lapides* to cases involving removal of federal law claims from state court to federal court, finding that such removal "unequivocally invokes the jurisdiction of the federal courts," thereby waiving sovereign immunity. *Estes v. Wyo. Dept. of*

jurisdiction over it and has, therefore, waived its Eleventh Amendment immunity defense." *Id*.

12

*Transp.,* 302 F.3d 1200, 1206 (10th Cir. 2002).

Defendant NMCD joined in the Notice of Removal filed October 12, 2001 and has noted that by doing so, it has consented to this Court's exercise of jurisdiction over it.  Def. Reply to Pl. Response in Opposition to Motion for Summary Judgment No. II at 1-2.  Plaintiff's arguments regarding Eleventh Amendment immunity are without merit, as NMCD clearly waived its Eleventh Amendment immunity in joining in the removal to this Court.  *Lapides*, 122 S. Ct. at 1646; *Estes,* 302 F.3d at, 1206.

Similarly, Plaintiff's argument that this case should be remanded to state court, raised in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment No. 1 at 4-5, is without merit.  As Plaintiff correctly notes, 28 U.S.C. § 1447(c) sets forth the criteria for remand to state court.  Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  As noted above, Plaintiff's arguments regarding lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity are without merit, being contrary to applicable and controlling Supreme Court and Tenth Circuit precedent.  Moreover, the failure to exhaust under the PLRA is not a jurisdictional bar.  *See, e.g., Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir. 2002).  In addition, Plaintiff has not filed *any* motion to remand this case on the basis of *any* defect in the removal process.  The time period to file a motion to remand on the basis of any defect other than lack of subject matter jurisdiction has long since passed.   28 U.S.C. § 1447(c); Notice of Removal Filed October 12, 2001.

Because Defendants have withdrawn that portion of their Motion for Summary Judgment

No. II, Eleventh Amendment Immunity, and because Plaintiff has not moved for summary

judgment on the Eleventh Amendment issue, this matter is not properly before the Court.

**D.      Exercise of supplemental jurisdiction over Plaintiff's remaining State law claims.**

A federal court has an independent obligation to examine its own jurisdiction. *Amazon,*

*Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001)(citing *Skrzypczak v. Kauger*, 92

F.3d 1050,1052 (10th Cir. 1996).  Pursuant to 28 U.S.C. § 1367 (c), "district courts may decline

to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims

over which it has original jurisdiction." 28 U.S.C. § 1367(c). "The Supreme Court has instructed

us that federal courts should consider the propriety of exercising supplemental jurisdiction 'in

each case, and at every stage of the litigation.'" *Roe v. Cheyenne Mt. Conf. Resort*, 124 F.3d

1221, 1237 (10th Cir. 1997) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350,

(1988)). In the instant case, the Court has dismissed Plaintiff's  § 1983 claims, the source of the

Court's federal question jurisdiction.

Where federal claims have dropped out of the picture, as here, the Tenth Circuit has stated

that "[t]he most common response to a pretrial disposition of federal claims has been to dismiss

the state law claim or claims without prejudice--that is the seminal teaching of *United Mine*

*Workers v. Gibb*s, 383 U.S. 715, 726, (1966).  *Roe*, 124 F.3d at 1237.  However, 28 U.S.C. §

1367 (c) provides guidance as to other factors the Court may consider in determining whether to

exercise supplemental jurisdiction, such as where (1) the claim raises a novel or complex issue of

state law,  (2) the claim substantially predominates over the claim or claims over which the district

court has original jurisdiction, (3) the district court has dismissed all claims over which it has

original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for

declining jurisdiction.  *Roe*, 124 F.3d at 1237 (citing 28 U.S.C. § 1367 (c)).  Whether to exercise supplemental jurisdiction is within the discretion of the Court.  28 U.S.C. § 1367 (c)

In the instant case, the Court has dismissed Plaintiff's federal claims without prejudice. The Court finds that Plaintiff's remaining state law claims predominate.  Pursuant to 28 U.S.C. § 1367 (c)(2) and (3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Although this case has been set for trial for February of 2003, the parties filed pending dispositive motions in the State court prior to removal, as well as in this Court after removal.  The parties may thus continue their dispositive motion practice on Plaintiff's state law claims upon remand.   The parties will not be prejudiced by remand; indeed, remand is the remedy sought by Plaintiff on other grounds and remand will allow the Defendants to fully develop their arguments on the New Mexico Tort Claims act and the applicable statutes of limitations.  The interests of judicial economy and the interests of justice do not require that this Court exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  As such, I find it appropriate that Plaintiff's state law claims, namely Counts I through III of his Second Amended Complaint, be remanded to State court.

### IV.    CONCLUSION

Plaintiff's federal claims, being claims about prison life and the conditions of confinement, are clearly subject to the exhaustion requirement of the PLRA.  The undisputed facts demonstrate that administrative remedies were available and Plaintiff has failed to exhaust such administrative remedies. The federal claims in Plaintiff's Second Amended Complaint, therefore, should be dismissed without prejudice.

This Court further declines to exercise jurisdiction over the remaining State law claims.

The remaining claims should be remanded to State court. Because the federal claims should be dismissed without prejudice, and because the remaining claims should be remanded, I do not reach the merits of this case.

**IT IS, THEREFORE, ORDERED** that Counts IV and V of Plaintiff's Second Amended Complaint are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the remaining state law claims should be remanded to State court.

An Order of Remand consistent with this Order shall be issued forthwith.

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**